# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

JORGE OLVERA-GUILLEN,

                               :

        Petitioner,                      Case No. 1:09-cv-435

                               :        District Judge S. Arthur Spiegel
    -vs-                                Magistrate Judge Michael R. Merz

WARDEN, North Central Correctional
  Institution,

                               :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Olvera-Gullen to obtain conviction from his convictions in the Butler County Common Pleas Court on one count of rape and one count of domestic violence.

Petitioner pleads the following three grounds for relief:

> **Ground One:** The jury verdict was against the sufficiency and manifest weight of the evidence.
>
> **Supporting Facts:** There was no tangible evidence introduced to the jury to demonstrate guilt by petitioner the alleged victim gave contradictory testimony, the petitioner denied guilt through out the trial this is clearly a case of "he said she said" without any evidence to support a verdict of guilty. This clearly violates the due process provisions of the United States and Ohio Constitutions.
>
> **Ground Two:** The trial court erred in failing to exclude evidence under Ohio Evidence Rule 403(A).
>
> **Supporting Facts:** The court allowed the prosecutor to introduce evidence of a prior bad act that was wholly independent from the acts

-1-

for which Petitioner was on trial for.  The introduction of which clearly misled the jury and created an unfair prejudice against the Petitioner this violated the Petitioners right to a fair trial.  Petitioners constitutional due process rights were violated.

**Ground Three:** Prosecutor misconduct violated the Petitioners right to a fair trial in violation od [sic] Due process provisions of the United States and Ohio constitutions.

**Supporting Facts:** During the course of Petitioners trial the Prosecutor continually voiced personal opinions regarding the credibility of the Petitioner and trial witnesses for the defense.  The Prosecutor also voiced personal opinions regarding Petitioners guilt or innocence, had it not been for the Prosecutors improper misleading personal opinions, the jury would not have found the Petitioner guilty.

(Petition, Doc. No. 1, PageID 5-6.)

## Procedural History

Petitioner was indicted by the Butler County Grand Jury on January 31, 2007 on one count of rape and one count of domestic violence.  In March a jury convicted him on both counts and he was sentenced to seven years for rape and six months for domestic violence with the sentences to be served concurrently.  On appeal to the Butler County Court of Appeals, he raised the same claims he makes in this Court and the judgment of the trial court was affirmed.  He appealed to the Ohio Supreme Court on the same claims, but that court declined jurisdiction and he then filed the instant Petition.

**Ground One**

In Ground One, Petitioner asserts his conviction is against the manifest weight of the evidence and is grounded in insufficient evidence in violation of both the United States and Ohio Constitutions.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   Therefore the Court cannot consider whether the convictions violate the Ohio Constitution in any way.

While it does violated the Fourteenth Amendment to convict a person on insufficient evidence, there is no federal constitutional protection against a conviction which is against the manifest weight of the evidence.

In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review for manifest weight.    It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.  In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.   *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.  Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.  It indicates clearly

to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387. In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus. The consequences of the distinction are important for a criminal defendant. The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy

Clause. *Tibbs v. Florida*, 457 U.S. 31(1982).  Thus this Court can consider whether Petitioner's conviction is supported by sufficient evidence, but cannot consider whether the conviction is against the manifest weight of the evidence.

When a federal habeas court considers a federal constitutional claim which has been adjudicated in the state courts, it is bound to defer to the state court decision unless it is contrary to or an objectively unreasonable application of federal law as clearly established in holdings of the United States Supreme Court.

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law.  See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).   To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495.   A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id..,* at 405-406, 120 S. Ct. 1495.   The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our

-5-

> decisions but unreasonably applies it to the facts of the particular case. *Id..,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id..,* at 409- 410, 120 S.Ct. 1495. See also *Id..,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94 (2002).

> AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

Thus this Court must begin with the state court of appeals decision on the sufficiency of the evidence. That court held

> [*P12] R.C. 2907.02(A)(2) provides, "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

> [*P13] Appellant contends that the sexual acts were consensual and the jury lost its way in convicting him of rape. Specifically, appellant

claims that his version of the events is truthful and his girlfriend's testimony is not credible.

[*P14] Appellant's girlfriend testified that, after engaging in a heated argument at the restaurant, appellant raped her when he arrived home. She further stated that he raped her again on two other occasions that day. She stated that she did not thwart the activity due to the previous threats he made against her and her status as an illegal alien. The sexual assault examiner observed that the victim had a bite on her neck, scratches and bruises were visible on the neck, arm and thigh, redness was observed in the vaginal area along with extensive redness and swelling inside on the cervix.

[*P15] The jury was in a better position to view the witnesses, observe their demeanor, and assess their credibility, and was free to believe or disbelieve all, part or none of the testimony of the witnesses at trial. State v. Wood, Preble App. No. CA2005-1-081, 2006 Ohio 3781, P98; State v. Nichols (1993), 85 Ohio App.3d 65, 76, 619 N.E.2d 80; State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. After reviewing the record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we cannot say that the jury clearly lost its way and that appellant's convictions must be reversed. Accordingly, we find appellant's conviction is not against the manifest weight of the evidence. Appellant's first assignment of error is therefore overruled.

*State v. Olvera-Guillen*, 2008 Ohio 5416, ¶¶12-15, 2008 Ohio App. LEXIS 4537 (Oct. 20, 2008).

The conclusion that a conviction is not against the manifest weight of the evidence logically entails the conclusion that there is sufficient evidence to support it. *Nash v. Eberlin,* 258 Fed. Appx. 761; 2007 U.S. App. LEXIS 29645; (6th Cir. Dec. 14, 2007).

This conclusion is not an objectively unreasonable application of clearly established federal law.  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

> doubt . . . .  This familiar standard gives full play to the responsibility
> of the trier of fact fairly to resolve conflicts in the testimony, to weigh
> the evidence and to draw reasonable inferences from basic facts to
> ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).

While Petitioner asserts that this was a "he said, she said" situation, the testimony of a rape victim standing alone is sufficient under Ohio and federal law.  But the victim's testimony did not stand alone: an independent sexual assault medical examiner testified to physical conditions of the victim consistent with rape.  Petitioner asserts the examiner's testimony was not "conclusive of a sexual assault" and "she could not determine if the intercourse was consensual, she did not observe any redness or swelling around Karen's anus."[1]  (Reply, Doc. No. 13, PageID 166.)  But the examiner's testimony did not stand alone either.  Rather it corroborated the victim's testimony that the intercourse, both vaginal and anal, was not consensual.

Petitioner's first ground for relief, insofar as it states a Fourteenth Amendment claim for insufficiency of the evidence, is without merit.  The other portions of the claim are not cognizable in a federal habeas case.

---

[1]The Magistrate Judge assumes the accuracy of this quotation but cannot verify it, since neither party has filed the trial transcript with this Court.

**Ground Two**

In Ground Two, Petitioner asserts that the trial court erred in admitting evidence against him in violation of Ohio R. Evid. 403(A).

The evidence in question, as recounted by the Butler County Court of Appeals, is testimony by the victim, Petitioner's girlfriend, that on an occasion around August 1, 2006, "appellant became angry when she refused to have sex with him in a restaurant dining room. Appellant threw her to the floor, tried to hit her, held a knife to her throat, and threatened to destroy her life." *State v. Olvera-Guillen*, 2008 Ohio 5416, ¶ 18, 2008 Ohio App. LEXIS 4537 (Oct. 20, 2008). In the state court, Petitioner argued this evidence was admitted to show his bad character and that his actions on the date in question were in conformity with that character, as prohibited by Ohio R. Evid. 404(B). He also claimed that the probative value of the evidence was outweighed by its prejudicial effect and that it should therefore have been excluded under Ohio R. Evid. 403(A). The court of appeals held that it had been admitted only to explain why the victim had not resisted at the time of the rape and the jury had been given a limiting instruction to that effect. *State v. Olvera-Guillen*, 2008 Ohio 5416, ¶ 23, 2008 Ohio App. LEXIS 4537 (Oct. 20, 2008).

Respondent argues this claim, considered as a federal constitutional claim, is procedurally defaulted because it was never fairly presented to the Ohio courts as a constitutional claim (Answer, Doc. No. 10, PageID 32.) Appellant's Brief in the court of appeals argues this claim entirely in terms of Ohio law: no hint appears of any federal constitutional claim and no federal cases are cited (See Appellant's Brief, Exhibit to Return of Writ, Doc. No. 10, PageID 58-59.)

A petitioner fairly presents a federal habeas claim to the state courts only if he "asserted both

the factual and legal basis for his claim.  *Hicks v. Straub*, 377 F.3d 538, (6th Cir. 2004), citing

*McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); and *Picard v. Connor*, 404 U.S. 270, 276,

277-78 (1971).

> In determining whether a petitioner "fairly presented" a federal
> constitutional claim to the state courts, we consider whether: 1) the
> petitioner phrased the federal claim in terms of the pertinent
> constitutional law or in terms sufficiently particular to allege a denial
> of the specific constitutional right in question; 2) the petitioner relied
> upon federal cases employing the constitutional analysis in question;
> 3) the petitioner relied upon state cases employing the federal
> constitutional analysis in question; or 4) the petitioner alleged "facts
> well within the mainstream of [the pertinent] constitutional law."

*Hicks* at 552-53, citing *McMeans*, 228 F.3d at 681.  See also *Fulcher v. Motley,* 444 F.3d 791 (6th

Cir. 2006); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)(citing the wrong cases in support

of a particularized constitutional claim is not a basis for default).

   Because Petitioner procedurally defaulted in presenting his second claim as a federal

constitutional claim to the state courts, he cannot obtain merit review of the claim in this Court

without showing excusing cause and prejudice.  While he asserts he can do so in his Reply (Doc.

No. 13 at PageID 161), in fact he makes no attempt to do so.  Therefore the second Ground for

Relief is procedurally defaulted.

   Moreover, this claim also fails on the merits.  In the first place, this Court cannot review the

claim purely as a claimed error of state evidentiary law.  "[I]t is not the province of a federal habeas

court to reexamine state court determinations on state law questions.  In conducting habeas review,

a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties

of the United States."  *Estelle v. McGuire*, 502 U.S. 62 (1991).  Habeas relief may be available

where a violation of state law "amounts to a fundamental miscarriage of justice or a violation of the

right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008), *cert denied*, 129 S. Ct. 1991 (2009). "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. Thus even if the prosecutor was offering the prior bad act to show propensity or bad character, in contrast to the purpose found by the state court of appeals, there is no clearly established federal law prohibiting propensity evidence. Therefore Petitioner's second Ground for Relief is without merit.

## Ground Three

In his third Ground for Relief, Petitioner asserts his trial was rendered fundamentally unfair by prosecutorial misconduct.

Respondent argues that this claim is procedurally defaulted because Petitioner's trial attorney made no contemporaneous objection at trial. Respondent makes no argument in his Reply to show that this is not correct, except for his conclusory claim that any procedural default is overcome by cause and prejudice.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001); *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010).

> First the court must determine that there is a state procedural rule that
> is applicable to the petitioner's claim and that the petitioner failed to

comply with the rule.

. . . .

Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

Ohio plainly has a contemporaneous objection rule that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471, 166 N.E.2d 379 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162, 694 N.E.2d 932 (1998). The Sixth Circuit has repeatedly held that to be an adequate and independent state ground. *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Cott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

In this case the Ohio court of appeals reviewed this claim only for plain error. *State v. Olvera-Guillen*, 2008 Ohio 5416, ¶ 36, 2008 Ohio App. LEXIS 4537 (Oct. 20, 2008). A state

appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F. 3rd 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F. 3rd 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003). Therefore Respondent has demonstrated that Petitioner procedurally defaulted on this claim.

### Conclusion

Each of Petitioner's federal constitutional claims is barred by procedural default and/or is without merit.  To the extent Petitioner makes claims under Ohio law, they are not cognizable in federal habeas corpus.  Therefore the Petition should be dismissed with prejudice and Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability. July 13, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and

-13-

Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).