```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JORGE OLVERA-GUILLEN,            :
                                 : NO. 1:09-CV-00435
          Petitioner,            :
                                 :
    v.                           :
                                 : **OPINION AND ORDER**
WARDEN, NORTH CENTRAL            :
CORRECTIONAL INSTITUTION,        :
                                 :
          Respondent.            :


This matter is before the Court on the Magistrate Judge's July 13, 2010 Report and Recommendation (doc. 16). Petitioner filed no objection. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in all respects, and DENIES Petitioner's Petition for Writ of Habeas Corpus.

The Magistrate Judge provided a thorough factual background, which the Court will summarize. A Butler County Grand Jury indicted Petitioner on Januuary 31, 2007, on one count of rape and one count of domestic violence (Id.). At trial, the prosecution presented testimony by the victim, and also that of an independent medical examiner who testified that the physical conditions of the victim were consistent with rape (Id.). The prosecution further proffered testimony from the victim concerning an August 1, 2006 incident to the effect that Petitioner physically assaulted her and threatened her life (Id.).

A jury convicted on both counts and the court sentenced

Petitioner to seven years for the rape charge and six months for the domestic violence charge, to be served concurrently (Id.). The Butler County Court of Appeals affirmed the trial court sentence on appeal, an appeal that Petitioner premised on the same claims presently before this Court (Id.). Petitioner filed the instant Petition for Writ of Habeas Corpus action after the Ohio Supreme Court denied his claims for lack of jurisdiction (Id.).

Petitioner asserts three grounds for relief (Id.). First, he asserts that he was convicted based on insufficient evidence in violation of both the United States and Ohio constitutions (Id.). Second, he asserts that the trial court erred by admitting evidence in violation of Ohio Rule of Evidence 403(A) (Id.). Third, Petitioner argues that his trial was rendered fundamentally unfair by prosecutorial misconduct (Id.). After reviewing the Petition, the Magistrate Judge issued his Report and Recommendation, which concluded that Petitioner's claim of conviction against the manifest weight of the evidence lacked merit, and that Petitioner procedurally defaulted his claims of inadmissable evidence and prosecutorial misconduct (Id.).

The Magistrate Judge found that Petitioner's first Ground for Relief could only be considered under the federal constitution (Id.). He cited Lewis v. Jeffers, 497 U.S. 939 (1983), for the proposition that federal habeas petitions are not available to correct state constitutional violations (Id.). As to the federal

2

constitutional question, the Magistrate Judge found that while the Fourteenth Amendment is violated if a person is convicted on insufficient evidence, this is not the case with a conviction against the manifest weight of the evidence (Id.).

The distinction, as indicated by the Magistrate Judge, citing State v. Thompkins, 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997), is one of adequacy (Id.). If a conviction is based on insufficient evidence it constitutes a denial of due process (Id.). But a claim of conviction against the manifest weight of evidence concerns the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." (Id., citing Black's Law Dictionary, 6 Ed.1990 1433).

The Magistrate Judge stated that when a federal court hears a habeas claim, it must defer to the state court decision unless the state applies a rule "contrary to" those set forth in Supreme Court precedent, or unless the state "unreasonably applies" the correct rule to the facts of a particular case (Id., citing Brown v. Payton 544 U.S. 133 (2005)). He then noted the Butler County Court of Appeals ruled that Petitioner was not convicted against the manifest weight of the evidence (Id.). Such decision also necessarily entails that there was sufficient evidence to prove the conviction (Id.). This conclusion by the appeals court is consistent with Ohio and federal law, which accepts that a rape

3

victim's testimony alone is sufficient for conviction (Id.).

Petitioner's second Ground for Relief, that evidence was presented against him in violation of Ohio Rule of Evidence 403(A), is procedurally defaulted because Petitioner failed to present it to the Ohio courts as a federal constitutional claim (Id.). Petitioner's Brief to the court of appeals contains no discussion of such a federal constitutional claim (Id.).

The Magistrate Judge cited Hicks v. Straub for the proposition that presenting a federal constitutional claim to state courts requires a factual and legal basis for the claim. 377 F.3d 538, (6th Cir. 2004), (citing McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); and Picard v. Connor, 404 U.S. 270, 276, 277-78 (1971)). This "fair presentation" must include the federal claim phrased in terms of pertinent constitutional law, reliance on federal cases, reliance on state cases employing federal law, or "facts well within the mainstream of [the pertinent] constitutional law." (Id., citing Hicks, 377 F.3d at 552-53, and Mcmeans, 228 F.3d at 68)).

Failing to show a presentation according to the above rule, Petitioner cannot seek review of his federal constitutional claim without showing cause and prejudice (Id.). While claiming he could do so in the Reply, he did not even make an attempt (Id.). Furthermore, as there is no established federal rule prohibiting propensity evidence, the Magistrate Judge found Petitioner's second

4

Ground for Relief is without merit (<u>Id</u>.).

Lastly, Petitioner asserts that his trial was unfair due to prosecutorial misconduct in the form of the prosecutor expressing personal opinions about the Defendant's and his witnesses' credibility and voicing opinions about the Defendant's guilt or innocence during the trial (<u>Id</u>.). The Sixth Circuit employs a four part test to justify a claim of procedural default due to failure of counsel to make contemporaneous objections at trial (<u>Id</u>.). First, there must be a state procedural rule with which Petitioner failed to comply (<u>Id</u>.). Second, the state must have actually enforced the procedural sanction against him (<u>Id</u>.). Third, "the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." (<u>Id</u>.). Lastly, if the first three conditions are met, Petitioner must prove that there was "cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." <u>Id</u>., <u>citing</u> <u>Maupin v. Smith</u>, 785 F.2d 135, 138 (6th Cir. 1986).

The Magistrate Judge found that Ohio's contemporaneous objection rule plainly requires parties to preserve errors for appeal in the trial court at the time it could be avoided or corrected. <u>Id</u>., <u>citing</u> <u>State v. Glaros</u>, 170 Ohio St. 471, 166 N.E.2d 379 (1960). Since the Ohio Court of Appeals reviewed the

5

claim for plain error, which constituted enforcement of a procedural default, and the Sixth Circuit holds this to be an adequate and independent state ground, Petitioner procedurally defaulted on his claim (Id.).

Accordingly, for the reasons indicated herein, and noting that Petitioner filed no objection, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 16), AFFIRMS the decision of the Magistrate Judge, and DENIES with prejudice Petitioner's Petition for a Writ of Habeas Corpus (doc. 2). The Court further DECLINES to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right that may be remedied in this federal habeas corpus proceeding, based on his claims for relief addressed herein. 28 U.S.C. § 2253(c); Fed App. P. 22(b). Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to appeal in forma pauperis. Fed. R. App. P. 24(a); Kincaid v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: September 8, 2010   /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge

6